# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2026

Lyle W. Cayce
Clerk

No. 25-50710
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONY RENE PEREZ-MONTANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2717-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jony Rene Perez-Montano appeals from the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He argues that the 160-month term of imprisonment, which was the result of an upward variance, is substantively unreasonable because there was nothing unusual about his illegal-reentry offense; the sentence was more than double the average sentence for similarly situated defendants; and his criminal

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

history was the basis for sentencing adjustments, his criminal history category, and the upward variance.

We review this substantive reasonableness challenge for abuse of discretion. *See United States v. Hudgens*, 4 F.4th 352, 357-58 (5th Cir. 2021). The record supports the district court's reasoning that an upward variance was warranted here due to the need to promote respect for the law, to provide just punishment, to deter Perez-Montano from criminal conduct, and to protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). In light of his extensive criminal history, which exhibits violence, recidivism, and inadequate deterrence, Perez-Montano has failed to show that he was similarly situated to the other defendants cited in the national statistics in all relevant respects. *See* 18 U.S.C. § 3553(a)(6); *see also United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019). Perez-Montano did not object to the presentence report's reliance on his criminal history when applying the sentencing adjustments and calculating his criminal history category, and the district court permissibly relied on his criminal history as a basis for an upward variance. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Moreover, we have upheld proportionally greater variances. *See, e.g., United States v. Rhine*, 637 F.3d 525, 528-30 (5th Cir. 2011). Perez-Montano has therefore failed to establish that the sentence was substantively unreasonable. *See Hudgens*, 4 F.4th at 358.

The district court's judgment is AFFIRMED.